IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE JENKINS, JR., | No. 2:13-CV-2325-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| ABDUR-RAHMAN, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are (1) plaintiff's motion for the appointment of counsel (Doc. 15) and (2) plaintiff's motion regarding discovery (Doc. 14).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his

1

own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. According to plaintiff, appointment of counsel is appropriate in this case because: (1) he is unable to articulate his claims; (2) his claims are complex and involve complex factual issues; (3) the parties dispute the facts; and (4) he is indigent. First, the court does not agree with plaintiff that he is unable to articulate his claims. To the contrary, the record developed thus far demonstrates that plaintiff is capable of articulating his claims to the court. Second, the court does not find that plaintiff's claims are complex or involve complex factual issues. Again to the contrary, plaintiff's medical care claims are quite commonplace and straightforward. Third, plaintiff's lack of funds and disputes as to the facts are typical and do not present exceptional circumstances. Finally, the court cannot say at this stage of the proceedings before defendants have even been served whether plaintiff has any particular likelihood of success on the merits. For all of these reasons, plaintiff's motion for the appointment of counsel will be denied.

Plaintiff has filed a motion appearing to relate to evidence entitled "Motion to Amend Evidence of Correctional Officer Misconduct of a Culture of Racism and the Frequent Use of Excessive Force Especially Against Black Inmates at High Desert State Prison." Attached as Exhibit A to the motion is a news article. Plaintiff asks the court to "amend this new evidence to his claims." Plaintiff's motion will be denied as premature because the case is not yet at issue. Once the case is at issue with the filing of an answer to the complaint and once discovery is completed, evidence may then be presented in the context of dispositive motions and/or trial.

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (Doc. 15) is denied; and
2. Plaintiff's motion relating to evidence (Doc. 14) is denied.

DATED: June 5, 2017

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE